IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD L. HOFFMAN | § | PLAINTIFF |
| | § | |
| V. | § | Civil No.1:09CV779HSO-JMR |
| | § | |
| ABLE BODY TEMPORARY SERVICES, | § | |
| INC. D/B/A ABLE BODY LABOR AND | § | |
| JANE DOES 1 THROUGH 10 | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [4] of Plaintiff Richard L. Hoffman. Defendant Professional Staffing-A.B.T.S., Inc. d/b/a Able Body Labor ("Professional Staffing") (allegedly erroneously sued as Able Body Temporary Services, Inc., d/b/a Able Body Labor) filed a Response [5], and Plaintiff a Reply [7]. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion to Remand should be denied.

### I. BACKGROUND

Plaintiff filed his Complaint on or about October 5, 2009, in the Circuit Court of Harrison County, Mississippi, against Defendants Able Body Temporary Services, Inc. d/b/a Able Body Labor and Jane Does 1 through 10. Professional Staffing removed the case to this Court on November 30, 2009, invoking subject matter jurisdiction pursuant to 28 U.S.C. § 1332, or in the alternative, pursuant to 28 U.S.C. § 1331. Plaintiff has filed a Motion to Remand contending that removal was

-1-

untimely.

## II. DISCUSSION

Section 1441 of title 28 of the United States Code provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1446 governs the procedure for removal. Subpart (b) provides in part that:

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

28 U.S.C. § 1446(b). "The United States Supreme Court clarified this language in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999), holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels." *City of Clarksdale v. Bellsouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005).

Plaintiff contends that the November 30, 2009, Notice of Removal was not filed within thirty days of October 15, 2009, the date it claims Defendant was served with process, making the removal untimely. *See* Pl.'s Mot. pp. 1-2. Defendant responds that service was not effected on October 15, 2009, since "S. Rekers," the person in receipt of the Summons and Complaint on that date, was employed by Defendant as a receptionist and was not authorized to accept service of process. *See* Def.'s Resp. ¶ 3. Instead, Defendant asserts that service was effected on October 29,

2009, when its agent for service of process, David Lamont ("Lamont"), "first became aware" of the Summons and Complaint. *See id.* ¶ 11.

Mississippi Rule of Civil Procedure 4(d)(4) states that service may be made:

> [u]pon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process.

MISS. R. CIV. P. 4(d)(4).

"In Mississippi, not all employees are agents of the corporation." *Duckworth v. GMAC Ins.*, No. 2:09cv214, 2010 WL 1529392, at * 2 (N.D. Miss. April 14, 2010) (*citing First Jackson Secs. Corp. v. B.F. Goodrich Co.*, 176 So. 2d 272, 275-76 (1965)). "Rather, where 'the defendant is a corporation the process must be delivered or served on an official or proper person on behalf thereof.'" *Id.* (*quoting First Jackson*, 176 So. 2d at 276)). There is no serious dispute that S. Rekers was not an officer, or a managing or general agent, authorized to accept service of process. As such, service was not perfected by this individual's receipt of the Summons and Complaint on October 15, 2009. *See City of Clarksdale,* 428 F.3d at 210; *see also Humes Pollett v. Family Health Center, Inc.,* 339 Fed. App'x 490, 492 (5th Cir. 2009).

In the alternative, Plaintiff argues that service of process was completed on October 15, 2009, because the Notice and Acknowledgment for Service by Mail was stamped received at Lamont's office. *See Pl.'s Reply* ¶¶ 2, 5. Mississippi Rule of Civil Procedure 4(c)(3) permits a summons and complaint to be served upon a foreign corporation by mailing a copy of the summons and of the complaint, together

-3-

with two copies of a notice and acknowledgment, and a return envelope, postage prepaid, addressed to the sender. *See* MISS. R. CIV. P. 4(c)(3). "If no acknowledgment of service ...is received by the sender within 20 days after the date of mailing, service of such summons and complaint may be made in any other manner permitted by this rule." *Id.*

Mississippi law is clear: "to accomplish service of process by mail [under Rule 4(c)(3)], the defendant must return a properly executed acknowledgment to the plaintiff." *Tucker v. Williams*, 7 So. 3d 961, 965 (Miss. Ct. App. 2009); *see also Young v. Sherrod, M.D.*, 919 So. 2d 145 (Miss. Ct. App. 2005) ("[s]ervice by mail on a[ ]...defendant is complete when the defendant returns the acknowledgment *within twenty days*.") (emphasis in original). The Notice and Acknowledgment here requested that Defendant execute the acknowledgment under oath, and return it to the sender within twenty days of October 12, 2009, the date of mailing. *See* Notice and Acknowledgment, attached as Ex. "C" to Pl.'s Mot.

Because the Acknowledgment was not properly executed when it was stamped received on October 15, 2009, nor was it returned to Plaintiff on October 15, 2009, that date cannot be the operative date for commencement of the removal period. To the contrary, the record reflects, and Plaintiff does not dispute, that Lamont executed the Acknowledgment under oath on October 29, 2009, and returned it to Plaintiff on that date, in accordance with Rule 4(c)(3). *See* Notice and Acknowledgment, attached as Ex. "C" to Pl.'s Mot.; Def.'s Resp. ¶ 11; Notice of Removal ¶ IV; Pl.'s Reply ¶ 5. Defendant therefore maintains that service was not

-4-

effected until October 29, 2009, and that its November 30, 2009, removal of this case was timely.  *See* Def.'s Resp. ¶ 11; Notice of Removal ¶ IV.

Having considered the record in this case, along with the foregoing legal authorities, the Court is of the opinion that service of process was not completed on October 15, 2009, and that Defendant's November 30, 2009, removal was timely.

### III.  CONCLUSION

Based upon the foregoing, the November 30, 2009, removal of this case was timely.  Plaintiff's Motion to Remand must therefore be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Motion to Remand [4] of Plaintiff Richard L. Hoffman, filed in the above captioned cause, should be and hereby is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, pursuant to the Stay Order entered in this case on December 16, 2009, the parties are directed to contact Chief Magistrate Judge John M. Roper within three days of entry of this Order, or on or before Thursday, May 13, 2010, in order to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED**, this the 10th day of May, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE